The Honorable, the Judges of the United States Court of Appeals for the Fourth Circuit. Oyez! Oyez! Oyez! All persons who have any manner of form of business before the Honorable United States Court of Appeals for the Fourth Circuit, I must adjourn now and give their attention, for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. Good morning and welcome to the January term of the Fourth Circuit. Judge Keenan and I are quite pleased to have Judge Gibney sharing the bench with us this morning. We'll proceed to our first case, United States v. Carthorne. Mr. Robinson, you may proceed when you're ready. Thank you, Your Honor, and may it please the Court, my name is Matthew Robinson, on behalf of the appellant, Jolon Carthorne. Your Honor, the central issue in this case is whether Mr. Carthorne, who had pled guilty to a drug offense and a weapon offense, whether he indeed qualifies as a career offender under the federal sentencing guidelines. At sentencing, well, and the basis of the argument is this. He was convicted of a state of Virginia statute of assault and battery on a police officer. It sounds like a violent offense, but titles don't mean everything. In this particular offense, the Virginia statute reveals that a mere offensive touching can result in this conviction. And the reason in this instance that Mr. Carthorne received a felony conviction was because it involved a police officer. We know from the record of sentencing that, in this case, that the offense involved Mr. Carthorne spitting at a police officer when he was around 18 years old. Right, but we don't get into the actual conduct. Do you agree on that? I agree on that. I'm only pointing out for the record that that was stated. No Shepard documents were looked at. The indictment wasn't looked at. Plea agreement, anything like that was not reviewed to determine this. And that's the crux of our argument is that the district court categorically determined or assumed that this offense categorically applied as a violent felony or crime of violence under 4B1.2A. Mr. Robinson, my question is, even if we were to disagree with the circuit court as to whether that is categorically a crime of violence, you're working under a plain error standard here. And since you are, there's a circuit split where you have the 10th and the 1st going one way on this issue, the 7th going the other way, and the 4th Circuit not having a definitive case involving assault and battery on a police officer. That is not a published case. How can it have been plain error for the trial judge to have picked the wrong side of the circuit split, assuming that we would agree with you? Well, I would like to answer that question with two answers. First, we would argue that it isn't plain error. We recognize by looking at the record that defense counsel at sentencing did not specifically object to the career offender enhancement. However, almost the entire sentencing, or a good portion of it, was spent with the judge and counsel discussing this offense and whether or not it is truly a quote, unquote, crime of violence. And in that sense, we would argue that plain error is intended to apply in situations where issues come up as a complete surprise on appeal, where an argument has been completely forfeited or waived. The defendant really conceded, I mean, conceded that it was a crime of violence. You have really a pretty prominent display on the record. I have to agree with you, Your Honor. And so therefore, what's your second reason? The second reason, thank you. The second reason is that it is a plain error. It is plain. The law was clear at the time that when engaging in an analysis of whether or not a crime qualifies as either a violent felony or controlled substance offense or whatever the predicate offense may be, that the court is supposed to engage in first a categorical determination as to whether or not the offense qualifies. And here, categorically, although there's nothing specifically about the Virginia statute out of this circuit, there is explicit law that states for a crime to be a crime of violence, it has to engage more than just an offensive touching. It has to be purposeful and violent force that is applied. The First and the Tenth Circuit had said that it qualified under the residual clause. Did they not? Yes. But those offenses... And let me say that, just assuming we agree with you that it's not categorically a crime of violence, my hang-up is still, if there was that circuit split, how can we say the trial judge committed a plain error in picking the wrong horse? The error was plain because, excuse me for interrupting. No, that's okay. First of all, the White case out of the Fourth Circuit and also the Boykin case deal with plain error, deal with situations similar to this, not with the Virginia statute that we're talking about, but they talk about the fact that the case law required the court to engage in a modified categorical approach at this point. The case law required that. That was clear. That approach never happened. And that's the first part of the plain error test, is whether or not the error is clear. I can't argue that the error was clear that this particular Virginia statute is not a crime of violence. But I can argue, and I am arguing, that it is clear that the court had to engage in the modified categorical approach at the sentencing hearing if it was to apply this enhancement. And that brings the second part, did it affect Mr. Carthorne's substantial rights or the integrity of judicial proceedings? And I would argue, yes, it does. This is a situation where if the modified categorical approach had been applied, we can demonstrate that Mr. Carthorne's sentence would be at least 52 months lower. And that affects his substantial rights. It also affects the reputation of judicial proceedings as well, because citizens want correct findings by our courts, especially when it involves freedom and liberty. This is a criminal, but he still deserves to be treated fairly under the law. So our argument is that it does apply, that plain error review, if it does apply, it satisfies that in this instance. Again, the difference here is this. Mr. Carthorne pled guilty to two counts. One was a count under 841, 21 United States Code 841B1A, an offense that carries a statutory maximum of life and a minimum of 10 years. He also pled guilty to a 924C offense, which carries a 60-month consecutive penalty on the drug offense. The court and the guideline findings in the pre-sentence report are clear on this. The difference is obvious. Without the enhancement for being a career offender, his guideline range would be 168 to 210 months. And he would then receive another 60 months for the weapon offense. Well, what do you say about this argument that it's analogous to burglary and extortion and explosive conduct because it's likely to incite the police officer to commit violence on the perpetrator? Well, admittedly, I think this is a matter of opinion. But I think it's also a matter of opinion and applying common sense. Certainly an offensive conduct, an offensive touching could rise to the level where it could present a serious potential risk of physical injury or violence. And maybe it would if it was at a bar or a nightclub or if they had a weapon in their pocket or something along those lines. But this was an 18-year-old boy and a police officer. And police officers are trained to deal with the public. He got what he deserved. He got arrested. And he pled guilty to that offense. But it's certainly not a crime of violence. And it certainly, I think the fact that it was a police officer involved in this offense lowers the risk, actually, of any potential violence that could ensue. What exactly was the error here? The error? Yes. What was the error that you claim was plain? Well, the error is that the court made a categorical finding at the sentencing hearing that the offense in Virginia, this particular statute of assault and battery on a police officer, was categorically a crime of violence and then used that offense and that finding to apply the career offender guidelines, which drastically increased his sentencing range under the guidelines. So if we were persuaded that this is not categorically, what's the outcome for your client? What's the consequence of that agreement? I think there's two potential consequences, depending on what the court wants to do. But one would be to remand back to the district court for the court to engage in a modified categorical approach. Because, frankly, my argument that it is not a crime of violence or doesn't satisfy the definition is there's nothing on the record in the form of Shepard-approved documents that can demonstrate that it is. And the court needs to go back and look at the charging documents, the plea agreement, the plea colloquy, and determine that under the modified categorical approach. But secondarily, I think this court can, based on the record before it, send it back for a resentencing and to explain that this is simply not a crime of violence under the categorical approach and or under the modified categorical approach based upon the discussions that occurred with defense counsel and the judge. That, look, everyone was appalled that this young man spit on a police officer. I would be appalled, too. But it's not a crime of violence. And I think the writing's on the wall. Even engaging in the modified categorical approach, you could go back and demonstrate conclusively that it is not a crime of violence, that the career offender enhancement does not apply, and that this young man needs to have about 52 months or so cut from his sentence. He's still going to be punished. He's going to be punished for at least 228 months. So that's, unless there are other questions, I would reserve the rest of my time for rebuttal. No? Thank you, Mr. Ramaswamy. Thank you, Your Honor. Mr. Ramaswamy. Made police the court. Good morning. My name is Anand Ramaswamy, and I represent the United States. Our position is that assault and battery on a law enforcement officer under the Virginia statute is categorically a crime of violence due to the serious risk of physical injury under the residual clause. But before reaching that, there is a threshold question of what standard of review applies here. I would note that on page 85 of the transcript, when asked, Defendant Carthorne's counsel had no objection to the pre-sentence report other than a fair sentencing act argument, and as did Defendant Carthorne had no objection. In the context of what we would argue is a 3553A inquiry, the court, after making findings and adopting the pre-sentence report without change, at that point asked, what am I to in the face of a law enforcement officer? Now, in that context, it appears that the court is asking for an explanation of the conduct which counsel gives and concedes that this is a crime of violence, but goes on to explain the type of things that have to do with the history and characteristics of the defendant, growing up without a father, guidance, and attributing this to him, in his words, being a fool. So the government's position is that plain error review is applicable here? Yes, Your Honor. Okay, now, I'm not aware of any case, I'm not saying there aren't any, but it seems to me this court has always said that a misapplication of the sentencing guidelines that results in an increased sentence is plain error. Are there any cases that say it's not? If the court's referring to my argument, comparing the magnitude of the error to this and the Boykin... No, I'm not comparing, I'm just, as a matter of law, I thought that the law of this circuit is pretty clear that when it comes to the interpretation and application of the guidelines, plain error is going to apply if the defendant got a sentence longer than the sentence he would have gotten through a correct application of the guidelines. Isn't what's before us in this case an application of the guidelines? Well, it may be, but in the plain error analysis, in order to get to the, if the guidelines were misapplied resulting in a lengthier sentence than the defendant deserved, you must first So it's our argument that it is not error as applied. What if we disagree with you? What if we say that, categorically, assault and battery on a police officer is not a crime of violence, categorically? Where does that leave you then? The, if this court takes the position as the Seventh Circuit, that categorically it is not, it would be remanded for resentencing, but So you're agreeing that that would be a misapplication of the guidelines? I would agree that if the court is looking to 4B1.2A1, as to the physical force requirement, which is what the Eighth Circuit appeared to, in combining those two requirements, look to first, under that analysis and under this court's decision in white, because a de minimis assault can be covered under the Virginia statute, that a de minimis assault cannot reach crime of violence under the having as an element the physical, having as an element the physical injury portion or threat of violence. But that ignores, in this instance, the otherwise clause, it ignores the holding of the other two circuits in this matter, that that risk, as the court in Williams said, always accompanies this type of assault. It is in effect a powder keg. The degree, if this is remanded Well, domestic violence cases are powder kegs, but that didn't affect the analysis in white, did it? I mean, domestic violence cases are even more powder kegs than anything involving a trained police officer. I would disagree with that, Your Honor. In the white case, this court stated that the identity of the victim, the relationship of the perpetrator and the victim, did not assist in the inquiry. Right, but what I'm saying is, well, if the identity of the victim doesn't assist in the inquiry, then the police officer was the victim in this case, was he not? The man who was spat upon? Your Honor, in the white case, it said, in that instance, in the misdemeanor crime of domestic violence, the identity did not assist in the inquiry. Okay, well, why does the identity of the victim assist in the inquiry here, then? Because, for the same reasons that the First and Tenth Circuit have held. That a trained police officer is more likely to go off and react violently? Because somebody has spat at him? The argument that a police officer is more likely to engage in restraint, well, I would contend, a police officer is trained to enforce the law, that if he is the victim himself of an assault, that's a crime committed in his presence, to which he is duty-bound to respond and likely armed. And in that regard, it is much different than, we contend, the ordinary domestic assault, which may be accompanied, which may be accomplished by de minimis means. Well, you can't prevail in this case under the modified approach, can you? Modified categorical approach. Well, we contend that it inheres in the fact of the conviction of assault and battery on a law enforcement officer. But if the court is looking beyond that, we state in our brief, the conduct of spitting is likely not to have come from a Shepard-approved source. The dialogue between the defendant. Right. And that conduct, because it's not likely to be Shepard-approved, is not likely to be found in that inquiry, but it inheres in the fact of conviction in assault and battery on a law enforcement officer. So you're really, you've agreed that you're in trouble if it's categorically a crime of violence, because you agreed with Judge Davis that it was a misapplication of the guidelines. Isn't that correct? No, Your Honor. No? No. I think the inquiry. You're saying if it is not categorically, and I apologize if I misstated that, if it is not categorically a crime of violence, then you lose because it's a misapplication of the guidelines. Isn't that correct? The only way the government prevails today is if we agree with you that this is categorically a crime of violence, assault and battery on a police officer in Virginia. Isn't that correct? And I would agree with that, and I would state that if it is remanded, for instance, for the court to look more at conduct, it's encouraging exactly the type of mini-trials that Shepard and Taylor are meant to discourage. And that conduct, if the court only looks at conduct at sentencing, then we may end up with a result that ignores, for instance, context. The Seventh Circuit looking at examples, de minimis examples of poking your finger on a police officer's chest as an act of bravado, but if that ignores the context of, say, an officer responding, searching for a victim, and someone steps from the crowd and pokes his finger in her chest and says, you're not going to find that person here, that still, the risk adheres in the fact of conviction, that it is an assault on a law enforcement officer. So any assault on a law enforcement officer, well, that takes you back to categorical, doesn't it? It is categorical, yes, Your Honor. But Judge Keenan's question was, if it's not categorical, you can't prevail in this case. If under the modified approach, you cannot enhance the sentence. Well, if the modified approach is meant to look at the conduct. Right, but there's no Shepard-approved documents in this case to prove the conduct, so isn't it true that if we go to the modified approach, the case has to be remanded? I'm not certain that it would be, Your Honor. What we don't have in this case, because there was a concession, is really the kind of things we had in White, where it was contested, is anything other than what's in the pre-sentence report and the district court's conclusion. But the modified categorical approach, as this court, in the example of the Baxter case recently before this court, a Virginia statute, burglary statute that was seen as broad, it was appropriate in that case because of the determination of what constitutes a generic burglary, in that case the character of the building. But here, we'd say all of that is encompassed in the statute of conviction itself. Okay. I would distinguish Hampton, again, it appears that the Seventh Circuit and Hampton combined, looked first to the first definitional prong of 4B1.2, and looking at that physical risk, and then concluded because the physical risk wasn't present in those de minimis assaults, in their words, in most cases, that they weren't going to apply the otherwise clause. But there is no examples given, there is no evidence given about that most cases instance. That is different than the analysis both in the First and Tenth Circuits, which we contend rely more on the statute, I mean, the guideline itself that has to do with risk, and the more recent cases interpreting that, specifically Sykes, that inquiry as to risk would be redundant if you're looking at the purpose of violent and aggressive. But the more recent crimes this court has looked at have to do, that has not found to be a crime of violence, have more to do with intent, such as the North Carolina involuntary manslaughter under Peterson. But in the Nat case, a Virginia case which interprets assault, in that case, in the sexual battery context, it was clear that you cannot have committed an assault under Virginia law without intent, and that it is the intent itself which controls. I would note that in the instance of this case, there's a footnote in the Fernandez First Circuit opinion, footnote 3, that in such an instance when an actor commits what is a de minimis or nonviolent type assault, that the counsel may raise that issue for the court and point it out and seek downward variance. And that is precisely what we see happen in this case. Counsel, while conceding the issue that it was a crime of violence, explained it was spitting, it didn't involve violence, and attributed it to his youth, and sought a downward variance. Ultimately got a downward variance on other grounds. I want to correct one error in my brief. The Cutts case, which is 2011, is unpublished. It relies on the published Williams case, but I don't ask the court in any way rely on that being unpublished. I wanted to point that out, but it does show that that holding survives both Chambers and Sykes. I would reserve the remainder of my time if the court had any other questions. Thank you very much, Counsel. Thank you. You've reserved a little time, Mr. Robinson. Thank you, Your Honors. I think the easiest thing for the court to do would be to rule against me, rule against Julen Carthorne. I think the easiest thing to do is to say that an offense of assault and battery on a police officer, no matter how de minimis, is a crime of violence. It's easy to put those words together in anybody reading it. Why is that easy? I find that particularly difficult. Well, I say it's easy because anyone reading an opinion in the public would be able to say, hey, of course it's a crime of violence. It's assault and battery on a police officer. But that's the reason I say it's the easiest thing to do. It ties up everything in a nice little bow. Nothing needs to go back for a resentencing. But I think that it's a mistake. I think it's a mistake to say that an assault, no matter how de minimis, is a crime of violence simply because of the victim happens to be a police officer. If the lawyer, if I'm a district judge, which I happen to be, if the lawyer comes in and says these guidelines are all calculated correctly, is it my obligation then to go back and recalculate them and second guess everything the probation officer says in his report? Well, Your Honor, I appreciate your question, and I understand the dilemma that puts a district court judge in at sentencing. However, that's the reason plain error review applies on an appeal. And if this is sent back because the error is plain, because there was no modified categorical approach that was undertaken at the sentencing hearing to apply this enhancement. It may seem clear when you're in a helicopter, but when you're down on the ground, it's not quite so clear. Okay, yes. However, the case law is clear in this situation. And look, the Fourth Circuit has dealt with these armed career criminal enhancements, career offender enhancements, 851 enhancements. And not just the Fourth Circuit, every circuit's been struggling with these determinations, including the Supreme Court. And it's because the Supreme Court comes out with different guidance seemingly every two years or so on this issue. But the fact is, is that at time of this particular sentencing, the law was clear that when someone is being classified as a career offender, that the court is supposed to engage in a modified categorical approach to determine if that is actually the case. And here, this is not a categorical crime of violence. You can't say by looking at the Virginia statute that it is. And in this situation, I don't think that it requires the district court judge at sentencing to do second-guessing of the probation officer or prosecution or even a defense attorney. I think it's just part of the analysis that a court must go through in determining whether or not the sentence is being correctly handed down or not. If I could equate it to drug quantities or anything else that the court makes a factual finding on at sentencing, I try as a defense attorney to do the best I can to make the objections that I think are reasonable. However, if you miss, the judge is there to make a decision on the law and apply the facts to the law. So I just think that that in this instance is, you know, the case law was clear that the district court should have undergone this analysis. Everyone should have. Probation officer, prosecution, defense. No one did. If there are no more questions, I would ask that this court remand the case for a new sentencing. Thank you very much, counsel. Thank you, your honor. We will come down and greet counsel and proceed immediately to the next case.
judges: Andre M. Davis, Barbara Milano Keenan, John A. Gibney, Jr.